Harry V. Clifton v. Commissioner.
Clifton v. Commissioner
Docket No. 10195.
United States Tax Court
1947 Tax Ct. Memo LEXIS 240; 6 T.C.M. (CCH) 404; T.C.M. (RIA) 47094; April 22, 1947
*240 Enoch C. Filer, Esq., 1005 Ariel Bldg., Erie, Pa., for the petitioner. Hobby H. McCall, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $23,640.62 in income and victory tax for 1943. The only issue for decision is whether the Commissioner erred in failing to recognize an equal partnership between the petitioner and his wife and in taxing all of the income of the Clifton Automatic Screw Machine Products Company for the years 1942 and 1943 to the petitioner. Findings of Fact The petitioner filed his individual income tax return for the year in question with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner was not employed in the late spring of 1938. He had a desire at that time to get into the automatic screw machine business but he had no funds of his own for that purpose. He borrowed $500 from an acquaintance upon condition that the petitioner would put up another $500. The money was to be used to obtain a second-hand automatic screw machine. The petitioner went to his wife, Pearl B. Clifton, who was then regularly employed in a dress shop. *241 She furnished the $500 with the understanding that henceforth she and the petitioner would be equal partners in the business which he hoped to start with the money thus obtained. The machine was obtained and the business was started. It was not a success immediately but had financial difficulties for several years. The original creditor had to be paid off. Others had to be found. Pearl invested $250 of her separate money in the business within six months after it was started. Other money was borrowed from time to time. The petitioner worked long hours in the shop. Pearl gave a great deal of her spare time to the business. She kept the books, figured costs, assisted the petitioner in obtaining and repaying loans, handled all of the clerical work and advised with the petitioner on some of the managerial questions which arose. She gave up her job in the dress shop in 1940 and from then until September 1943 gave her full time to the affairs of the business. The business had been growing and in September 1942 the petitioner and Pearl decided that they needed a bookkeeping and cost accounting system and Pearl was not qualified to keep the necessary records. An accountant was employed *242 at that time and Pearl discontinued her services as bookkeeper and cost accountant. She continued her other activities in the business. The petitioner and Pearl both withdrew funds from the business for living and other expenses. The petitioner and Pearl intended to join together, and actually joined together in 1938, for the purpose of carrying on the business and sharing in the profits or losses of that business as partners and that partnership actually carried on the business of Clifton Screw Machine Products Company during the years 1942 and 1943. The Commissioner, in determining the deficiency, added to the net income shown in the petitioner's return for each of the years an additional amount representing the portion of the income of the Clifton Automatic Screw Machine Products Company for that year which the petitioner had not reported on his return. He explained that this was done because the petitioner was the sole owner of the business and the entire net income thereof was taxable to him. Opinion MURDOCK, Judge: The respondent argues that Pearl never contributed any of her own money to the business. The evidence shows that she contributed $750. The petitioner never *243 contributed any money to the business, except as he used earnings of the business to pay off loans. The money which Pearl contributed was vital to the business. The respondent also argues that Pearl never contributed any important services to the business. The evidence shows that she did. The petitioner ran the machine shop and manufactured the products. Pearl took no part in that. But in all other respects her contribution to the business was at least as important to the success of that business as was the contribution of her husband. He was unfamiliar with books and she kept all of the records for quite a while at a time when there was no money to employ a more capable bookkeeper. She helped to obtain loans, she advised in regard to employees and customers, and she counseled with her husband in regard to the expansion of the business. Her services were not spasmodic or casual but continuous. Her contribution of money and services entitles her to full recognition as a partner under the oral agreement which they had. The respondent also points to a number of things which the petitioner did from time to time which would indicate that he was operating the business as a sole proprietorship. *244 He stated in connection with the registration of the fictitious name in 1938 that he was the sole proprietor. Later he frequently signed notes of the company as owner or proprietor. There was no written partnership agreement and the interest of Pearl was not shown on any of the books of the business. Such returns as were filed did not disclose the existence of a partnership. This evidence along with all other evidence in the case has been taken into consideration in making the findings and in reaching the conclusions already stated. The petitioner was inexperienced in business matters in the early days of this business and he did some things in connection with it which he ought not to have done, and he left undone some things which ought to have been done to record and disclose the fact that his wife was an equal partner with him. These facts can not be cast aside lightly nor can his actions be fully excused. However, the evidence as a whole shows that in fact she was a partner who, because of her contribution of capital and services, was entitled at least as much as he to the war stimulated earnings of the taxable years. Decision will be entered under Rule 50.